UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KINDER MORGAN, INC., | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-509 |
| | § | |
| JOANNE CROUT, *et al*, | § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Defendants Janille Alyse Crout, Jay Allen Crout, and Danny Lee Crout Jr.'s ("Defendants") Motion to Dismiss Original Counterclaim of Joanne Court and Declaratory Judgment Claim of Kinder Morgan, Inc. Savings Plan (Doc. #30), Counter-Plaintiff Joanne Crout's Response to Defendants' Motion to Dismiss (Doc. #31), and Defendants' Reply (Doc. #34).[1] Having considered the arguments and the applicable law, the Court denies Defendants' Motion to Dismiss.

In short, Defendants allege that this Court does not have jurisdiction to hear this case because the probate exception to federal jurisdiction deprives the Court of jurisdiction to decide the distribution of Danny Lee Crout's estate. The probate exception: (1) reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; (2) precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. *Marshall v. Marshall*, 547 U.S. 293, 311–12, 126 S. Ct. 1735, 1748, 164 L. Ed. 2d 480 (2006). As such, Defendants' argument assumes that the asset at issue in this case is part of Danny Lee Crout's estate, or that the probate court has existing jurisdiction over the property.

---

[1] Counter-Plaintiff Joanne Crout also filed a sur-reply (Doc. #35). However, as such a filing is not allowed without leave of court, the Court did not consider said document.

However, the property in this case is a non-probate asset that passes by way of a beneficiary designation and/or terms of the plan document, and not pursuant to a will or an heirship judgment. *See* Doc. #23 at 12-17 ("Kinder Morgan Savings Plan"). In fact, the issue before the Court is whether Joanne Crout is the surviving spouse of the decedent. If she is, the plan documents dictate that absent a beneficiary designation she is entitled to receive the benefits pursuant to the Plan documents—irrespective of decedent's will or heirship judgment. Further, even if the Court finds Mrs. Crout is not the surviving spouse, the decedent's children would receive the benefits pursuant to the plan document. Accordingly, regardless of the decision in this case, the property issue in this case is not, and will never be, part of decedent's probate estate.[2] Likewise, Defendants have provided no support for the assertion that the state probate court has exercised jurisdiction over the property at issue here. Accordingly, the lone case cited by Defendants in support of arguing the probate exception applies—*In re Bousseau*, 5:16-CV-0549, 2017 WL 395124 (N.D.N.Y. Jan. 30, 2017)—is inapplicable to the case at bar as the court's decision was premised on the fact that the probate court had exercised jurisdiction over the property at issue. As such, Defendants' Motion to Dismiss is DENIED. *See Fluker v. Anderson*, 4:06-cv-3394, 2008 WL 115103 (S.D. Tex. Jan. 10, 2008) (denying to apply the probate exception in an analogous situation).

It is so ORDERED.

JUN 1 3 2018
Date

The Honorable Alfred H. Bennett
United States District Judge

---

[2] This is also true if decedent submitted a valid beneficiary designation under the plan documents prior to his death in the nature argued by Defendants in relation to the pending Motion for Summary Judgment (Docs. #23, 25).